IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JERRY LEE HENSON, #238 429, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:16-CV-598-MHT |
| | ) | [WO] |
| VENTRESS CORRECTIONAL | ) | |
| FACILITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate incarcerated at the Ventress Correctional Facility ["Ventress"] in Clayton, Alabama. He files this *pro se* 42 U.S.C. § 1983 action challenging Defendants' failure to transfer him to a correctional institution closer to his family. Plaintiff requests a transfer to the Limestone Correctional Facility in Harvest, Alabama. The complaint is filed against the Ventress Correctional Facility, Classification and Mental Health Officials, Mrs. Stevens, and Mental Health Personnel. Doc. 1.

Upon review, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.  DISCUSSION

**A. The Housing Claim**

Plaintiff requests he be transferred to the Limestone Correctional Facility which is closer to his mother who has a serious health condition. He states Defendant Stevens told him that after he completed his most recent program at Ventress, he would be cleared for transfer. Plaintiff further alleges that his mental health issues are exacerbated by being far from his family. Doc. 1.

To the extent Plaintiff seeks to assert a claim for denial of due process under the Fourteenth Amendment, he must allege that a constitutionally protected life, liberty, or property interest was at stake.  The Constitution itself does not give prisoners an interest in being housed in a particular penal facility. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976) ("The Constitution does not require that the State have more than one prison for convicted felons; nor does it guarantee that the convicted prisoner will be placed in any particular prison if, as is likely, the State has more than one correctional institution."). Further, the law is well settled that prison administrators are accorded wide deference in determining the policies and procedures for handling inmate populations, and federal courts rarely interfere in such discretionary decisions. *See generally Sweet v. S.C. Dep't of Corr.*, 529 F.2d 854, 859 (4th Cir. 1975) (en banc) (describing federal court's deference to prison administrators and all administrative matters unless the condition rises to the level of a constitutional violation).

While a state can create a constitutionally protected liberty interest, "these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).   Thus, "[a]s long as the

2

conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haymes*, 427 U.S. 236, 242 (1976), quoted in *Sandin*, 515 U.S. at 480; *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("The transfer of an inmate to less amenable and more restrictive quarters for non-punitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.")

Plaintiff has not shown that his current institutional assignment has deprived him of a liberty interest inherent in the Constitution. *See Sandin*, 515 U.S. at 484. His allegations do not include facts upon which a State-created liberty interest could be found, nor has he alleged any facts which show that his confinement at Ventress amounts to a dramatic departure from the ordinary conditions of confinement. *Id.* at 485-87. Because Plaintiff has not alleged deprivation of a protected liberty interest, his complaint in relation thereto fails to state a due process claim based on his institutional housing assignment. *See id*. at 487; *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir. 1997). *See Neitzke v. Williams*, 489 U.S. 319 (1989).

**B. The Medical Claim**

Plaintiff complains that Ventress lacks adequate counseling services, including appropriate facilities and personnel, to address his mental health issues which include depression, anxiety, and bipolar disorder. He states he is acquainted with the mental health staff at the Limestone Correctional Facility and would not have mental health issues if he was transferred to that facility. Doc. 1.

To state an Eighth Amendment claim regarding a denial of medical care, a prisoner must allege the defendant acted with deliberate indifference to his health. *Estelle v. Gamble*, 429 U.S.

97 (1976); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999). The issue is not whether Plaintiff received the treatment he felt he should have. *Estelle*, 429 U.S. at 105; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Instead, "[w]here a prisoner has received medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in tort law." *Hamm v. DeKalb Cty.*, 774 F.2d 1567, 1575 (11th Cir. 1985) (quotation marks and citations omitted). Here, Plaintiff does not allege that he is denied medical care for his mental health issues at Ventress. Rather, he alleges in conclusory fashion that the mental health services at Ventress are subpar to the services provided at Limestone. Without more, this claim, even if asserted against a properly named defendant, fails to state a viable Eighth Amendment deliberate indifference claim.[2] *Id.*

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED prior to service under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that **on or before October 26, 2016**, Plaintiff may file an objection to this Recommendation. A party must specifically identify the factual findings and legal conclusions in

---

[2] The Ventress Correctional Facility is not subject to suit or liability in a § 1983 action. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (The Eleventh Amendment bars suit directly against a state or its agencies, regardless of relief sought). Defendants "Classification and Mental Health Officials" and "Mental Health Personnel," are designations which do not adequately describe a person(s) to be sued. *See Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992); *see also New v. Sports and Recreation, Inc.*, 114 F.3d 1092, 1094 at n.1 (11th Cir. 1997) (fictitious party practice not permitted in federal court). An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a *person* acting under color of state law whose conduct is reasonably attributable to the State. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981).

the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1.  *See Stein v. Lanning Sec., Inc.,* 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).

Done, this 12th day of October 2016.

    /s/  Wallace Capel, Jr.
UNITED STATES MAGISTRATE JUDGE